IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Action No. 10-cr-118-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. CHRISTOPHER BARTKOWICZ,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on defendant's ex parte motion for issuance of subpoena [Docket No. 60]. Since the filing of his motion ex parte, the defendant has referred to this motion in a publicly-filed pleading. [Docket No. 90]. In his motion, defendant seeks certain audio and video recordings and background material relating to the defendant that is in the possession of a local news organization. *See* Docket No. 60-2 at 3. For the following reasons, the Court finds that defendant's motion does not comply with the requirements of Federal Rule of Criminal Procedure 17(c). *See United States v. Tucker*, 249 F.R.D. 58, 60, n.3 (S.D.N.Y. 2008) ("'[I]t is the Court's responsibility to ensure that the subpoena is for a proper purpose and complies with the requirements of Rule 17(c).'") (citation omitted); *see also United States v. Love*, No. 09-cr-00526-MSK, 2010 WL 1931021, at *4 (D. Colo. May 13, 2010) (denying a motion for issuance of subpoenas because the "Rule 17(c) subpoena currently requested by the Defendants is improper").

Federal Rule of Criminal Procedure 17(c) provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates" and states that the court "may direct the witness to produce the designated items in court before trial." Rule 17(c) is "not intended to provide an additional means of discovery," but "to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). A party seeking a subpoena duces tecum under Rule 17(c) must establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974). The party requesting the subpoena must satisfy each of these requirements. *United States v. Boender*, No. 09-cr-186-1, 2010 WL 1912425, at * 2 (N.D. Ill. May 12, 2010). *Cf. United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (failure to show one of *Nixon* requirements precludes reversal of order denying Rule 17(c) motion).

The entirety of defendant's argument in support of his request for the items is that they are "necessary for the defense" at the motions hearing set for September 22, 2010 and at trial. *See* Docket No. 60, at 1, ¶ 1. There has been, in short, no attempt to make even a minimal showing that the subpoena meets the *Nixon* requirements. A

review of the subpoena does not permit the Court to resolve that question.[1]  Therefore, it is

**ORDERED** that defendant's ex parte motion for issuance of subpoena [Docket No. 60] is DENIED.

DATED September 17, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] *Nixon* mandates that the party requesting the information identify the item sought and what the item contains, among other things." *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002).  The defendant in *Morris* requested a Rule 17(c) subpoena for all documents collected by the FBI during the course of its investigation. 287 F.3d at 988.  The Tenth Circuit noted that "[n]ot only is Mr. Morris unable to specify what the items he requests contain, he is also unable to verify whether the requested material even exists." 287 F.3d at 991.  In light of this lack of specificity, the court stated:
> Courts have held that requests for an entire file are evidence of an impermissible fishing expedition. *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984); *United States v. Hughes*, 931 F.2d 63, 1991 WL 59383, at *1 (10th Cir. 1991).  It appears that defense counsel attempted to use the Rule 17(c) subpoena for impermissible discovery purposes. Mr. Morris' Rule 17(c) subpoena did not overcome the hurdle of specificity as required by *Nixon*.

287 F.3d at 991.  *See also United States v. Tokash*, 282 F.3d 962, 971 (7th Cir. 2002) (Rule 17(c) allows only for the gathering of specifically identified documents which a defendant knows to contain relevant evidence).